# HENRY P. PRICE *et al.*

### *v.*

## CLARENCE E. BAILEY.

FALSE IMPRISONMENT. Where A procured B to assume the office of constable and arrest a boy on a charge of breaking a glass in his show case, and the boy was carried before C, who falsely assumed to act as justice

of the peace, when the form of a trial was gone through, the boy be-
ing refused the privilege of seeing an attorney, and judgment was ren-
dered against him for three dollars, and the parties then threatened him
with imprisonment in the county jail unless he could get two good men
to become surety for him, which he finally procured, and was then re-
leased, after having been detained about two hours: *Held*, that the facts
fully warranted the jury in finding the defendants guilty, in an action by
the boy for trespass and false imprisonment, and assessing the damages at
§125.

APPEAL from the Circuit Court of Whiteside county; the
Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the appellants.

Messrs. SACKETT & BENNETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass for an assault and battery
and false imprisonment, in the Whiteside circuit court, against
three defendants, one of whom was defaulted, and the others
pleaded, severally, the general issue.

There was a trial and verdict for the plaintiff, and damages
assessed at one hundred and twenty-five dollars, for which the
court rendered judgment.

The defendants who pleaded bring the record here by ap-
peal, and assign as error that the verdict was against the law
and the evidence.

The leading facts are, that Culver, one of the appellants,
was a merchant at Rock Falls, in Whiteside county, and pro-
cured Bispham, the defaulted defendant, to assume the office
of constable, and arrest appellee, a young lad, a minor, for
breaking the glass of his show case, with which offense Cul-
ver charged him.

The boy was about crossing the river at Sterling, when
Bispham, who claimed to be a constable, arrested him. The
boy thought he came out of Culver's store. Bispham took
him to a shop where Price was, and told the boy Price was

4— 66TH ILL.

a justice of the peace. Price told Bispham to take him to his (Price's) house, and he would go down and get Culver. He was taken over to Price's house by Bispham, Price arriving there about the same time, and soon after Culver came in. There was then a trial. Culver was sworn and claimed damages for a show case which he swore the boy had broken in his store. The justice thereupon rendered judgment against him for about three dollars. Price then said he would have to pay or he would have to send him to jail. Culver then said he could have his choice, either to settle it or go to the jug. Price then said he could give bond with two respectable men for signers. The boy told him he would have to go over to Sterling to get signers. Price then wrote out a bond, and Bispham took it and the boy across the river to Sterling, where he obtained a Mr. Palmer to sign the bond. Bispham refused to let him see an attorney, and refused to let him go. He then re-crossed the river with him, and he got a Mr. Davis, of Rock Falls, to go on the bond, as the second man, when he was released—was in custody about two hours; had not refused to pay for the show case.

This is the plain, unvarnished statement of the boy, and shows a transaction of an atrocious character. If the boy broke the glass of the show case, it is not pretended it was done wilfully. He was only responsible as for a trespass, yet he was dealt with as a criminal, and by men two of whom assumed, falsely, to be officers of the law. We say "falsely," for no justification is set up, nor is it shown that Price had ever, on any other occasion, acted as a justice of the peace, so that it can not be claimed he was an officer *de facto*. As for Bispham, he did not offer a defense of any kind, but acknowledged, by his default, his guilt.

Though appellee was not injured in his person, and was in custody but two hours, he was put to trouble in finding security which was not, of right, demandable of him; he was placed in this unpleasant position under color of sham judicial proceedings, conducted under pretence of authority which

had no existence. It was a wanton invasion of his rights, under the cloak of the law, and without any palliating circumstances, and had the jury found a larger verdict we would not have disturbed it.

The judgment is affirmed.

*Judgment affirmed.*